*Western District*
No. 120
JAMES E. DOMAINGUE
d/b/a "74" SHOP
v.
WINIFRED M. MURPHY
d/b/a REARDON'S GARAGE

Argued: Apr. 29, 1974 - Decided: Apr. 29, 1974

*Present:* Gould, P.J., Larkin, Dudley, JJ.
Case tried to *Sloan, J.* in the District Court of
Springfield. No. 223134.

**Gould, J.** This an action of contract or tort
to recover damages for the loss of a 1962 blue
rack body Ford truck. The declaration was in
three counts. Count I was based on negligence,
Count II on a contract alleged to have been
made with the defendant to store the vehicle
and return it in the same condition as it then
was upon demand, and Count III was for con-
version.

The court found for the defendant. Accord-
ing to the report which was allowed by the
court on appeal, there was evidence which
tended to show that on or about February 20,
1972, the plaintiff's motor vehicle had been
towed to the defendant's premises at the re-
quest of the Holyoke Police Department. On
the next day the plaintiff went to the defen-

dant's place of business and entered into an agreement with an agent of the defendant to store the truck at the defendant's premises at an agreed per diem price. There was no duration or length of the storage period. At the time of this agreement the vehicle was parked at premises of the defendant adjacent to a repair garage on Northampton Street, and two days later an employee of the plaintiff went to those premises and removed the repair plates which were then on the vehicle. This was the last time that either the plaintiff or his employee ever saw the truck.

At the close of the evidence the plaintiff seasonably filed requests for rulings and the court allowed all of them, except # 10 which was denied, and in addition thereto the court made special findings of fact, that the defendant was not negligent and did not agree to return the car to the plaintiff in the same condition as when received.

The report further recited that it contained all the evidence material to the question reported. The plaintiff claimed to be aggrieved by this denial of request # 10, and requested a report to the Appellate Division for determination.

Request for ruling # 10 was as follows: "The evidence introduced by the defendant is not sufficient to warrant the court to find for the defendant."

A perusal of the evidence contained in the report as well as a reading of the special finding of facts made by the court pursuant to Rule 27 of the District Courts, indicate that the court's action on request for ruling # 10 was proper.

Since the special findings of fact included the specific finding that the defendant was not negligent, it is a reasonable inference that testimony was presented by the defendant to enable the court to properly make this special finding.

**The judgment of the District Court of Springfield is therefore affirmed.**

STEVEN A. NISON, ESQ.

for Plaintiff

SIMPSON, CLASON, CALLAHAN & GIUSTINA

for Defendant